# In the United States Court of Federal Claims

No. 16-1663C
(Filed: August 10, 2017)

```
************************       
                         *     FILED
CAROL ANN MURPHY,        *
                         *     AUG 1 0 2017
         Plaintiff,      *
                         *     U.S. COURT OF
                         *     FEDERAL CLAIMS
         v.              *
                         *
THE UNITED STATES,       *
                         *
         Defendant.      *
                         *
************************       
```

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Carol Ann Murphy was formerly a resident of Maine but now resides in Texas. Plaintiff has previously filed seven lawsuits in the United States District Court for the District of Maine, and two lawsuits in this Court. DA 1.[2] In this action, Plaintiff appears to be challenging the dismissals of her previous cases in the District of Maine, as well as alleging misconduct by the federal judges who have presided over her previous lawsuits. See Compl. ¶¶ 8, 12, 16-21. Plaintiff also appears to allege violations of her civil rights under 42 U.S.C. §§ 1983, 1985, and 1986, and claims that "millions of dollars" worth of property has been taken from Plaintiff. Id. at ¶¶ 12, 16. Plaintiff also alleges fraud upon the court, "theft of her Service Dog" in violation of the Americans with Disabilities Act ("ADA"), and violation of her Sixth Amendment right to a jury trial. Id. at ¶¶ 12, 21, Ex. 4. Plaintiff seeks damages in excess of $20 million and "demands that her right of access to the courts be restored." Id. at ¶¶ 27-28.

---

[1] This background is derived from Plaintiff's complaint, the attached exhibits, and the appendix to Defendant's motion to dismiss.

[2] DA refers to the appendix to Defendant's motion to dismiss.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2016), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

In addition to invoking the Court's Tucker Act jurisdiction, Plaintiff also appears to invoke the Administrative Procedure Act ("APA") as a basis for this Court's jurisdiction. However, this Court does not have jurisdiction over claims brought pursuant to the APA. 5 U.S.C. §§ 701-06 (2016); Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

The gravamen of Plaintiff's complaint appears to be a challenge to the dismissals of her previous cases in the United States District Court for the District of Maine, and an attempt to bring claims against the judicial officers who heard her previous cases. However, this Court does not have the authority to review decisions of the district courts. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). This Court also does not have the authority to hear claims against federal officials, including judges, as the only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011).

Plaintiff also alleges violations of her civil rights under 42 U.S.C. §§ 1983, 1985, and 1986. However, jurisdiction over civil rights violations is vested exclusively in the district courts. Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009); see also Sharpe v. United States, 112 Fed. Cl.

468, 476 (2013) (stating that "the Court of Federal Claims is not a district court"). Similarly, Plaintiff's attempt to invoke the ADA also fails, as jurisdiction over ADA claims is also vested exclusively in the district courts. 42 U.S.C. §§ 12101 et seq. (2016); Dziekonski v. United States, 120 Fed. Cl. 806, 810 (2015).

Plaintiff further alleges a violation of her Sixth Amendment right to a jury trial, however this Court lacks jurisdiction over this claim, as the Sixth Amendment is not money-mandating. Turpin v. United States, 119 Fed. Cl. 704, 707 (2015). To the extent that Plaintiff alleges a violation of due process under the Fifth Amendment, this Court lacks jurisdiction over Plaintiff's claim as the Due Process Clause of the Fifth Amendment is not money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Although this Court has jurisdiction over Fifth Amendment taking claims, Plaintiff failed to allege facts which would give rise to a taking claim. Other than vaguely alleging that "Military Tribunal Hearing Officers" took and destroyed Plaintiff's real and personal property, Plaintiff has not identified the specific property that was taken. Compl. ¶¶ 3, 12. Nor has she alleged that property was taken for public use.

In addition to her request for monetary damages, Plaintiff also seeks equitable relief in the form of a demand that "her right of access to the courts be restored." This Court has limited power to grant equitable relief. Equitable relief is permitted only in certain tax cases, bid protests, and in situations where such relief is an "incident of and collateral to" a monetary judgment. 28 U.S.C. § 1491(a)(2); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). As none of these conditions are met, this Court cannot grant Plaintiff's requested equitable relief.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiff's remaining motions are denied as moot.[3] The Clerk is directed to dismiss this action.

*MaryEllen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge

---

[3] Plaintiff also filed a motion for default judgment and a motion for final judgment.

3